IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRUCE BROWN and MARGARET M. BROWN,

    Plaintiffs,

v.                                      Civil No.: **MAB 13-CV-404**

FIRE STATION 1 RESTAURANT AND BREWING COMPANY,

    Defendant.

## MEMORANDUM ORDER

This action arises from an incident at Defendant's restaurant, where Plaintiffs allege that an umbrella in the restaurant's outdoor area hit Plaintiff Bruce Brown in the head, causing him substantial injuries. In preparation for trial, Plaintiffs have designated Joel Falik, M.D., and Defendant has designated Robert C. Klapper, M.D., as expert witnesses who will testify about the nature, cause, and extent of those injuries. Plaintiffs move, pursuant to Federal Rules of Civil Procedure 26(e) and 37(c)(1), to exclude Dr. Klapper's testimony, arguing that Defendant failed to provide Plaintiffs with supplemental disclosures relevant to Dr. Klapper's expert report and testimony. (*See generally* Pls.' Mot. Exclude, (ECF No. 41).) For the reasons provided below, the court DENIES Plaintiffs' motion.

### I. Background

In February or March 2014, Defendant served Plaintiffs with its Rule 26(a)(2) disclosures, in which it designated Dr. Klapper as an expert witness and provided

Plaintiffs with his expert report.  (*See* Pls.' Mot. Exclude Ex. 1 ("Expert Report").)  In the report, Dr. Klapper reached the following conclusions:

> [T]here is evidence of pre-existing degenerative pathology that was clearly present at the time of the index accident . . . .
> Therefore, I suspect the patient sustained orthopedic injuries that were strictly of a soft tissue nature. . . . Given this patient's pre-existing pathology, it would be appropriate to extend the length of [physical therapy] treatment up to twelve weeks.  However, any residual complaints beyond this time frame are in my opinion, due to the natural progression of the patient's underlying degenerative joint disease, and not as a result of the index accident.

(Expert Report 7.)  The report indicates that, to reach this conclusion, Dr. Klapper consulted only the medical records listed within the report.  (*See* Expert Report 2-7.)  The list does not include Dr. Falik's expert report (the "Falik Report"), deposition testimony, or any interrogatory answers.  On August 14, 2014, when Plaintiffs deposed Dr. Klapper, he reiterated that he reviewed only the materials listed within his report to reach his conclusions.  (Pls.' Mot. Exclude Ex. 2 (Klapper Dep., Aug. 14, 2014) 28:5-23.)

Defendant noticed a *de bene esse* deposition of Dr. Klapper for September 11, 2014, as the parties anticipated that Dr. Klapper would provide his testimony by videotape rather than live.  When preparing for Dr. Klapper's cross-examination during the deposition, Plaintiffs' counsel did not consult any depositions, interrogatory answers, Plaintiff Bruce Brown's medical history prior to the accident, or the Falik Report because Dr. Klapper had not reviewed these materials when drafting his expert report.  (Pls.' Mot. Exclude 4.)

Prior to the *de bene esse* deposition, however, Dr. Klapper reviewed the Falik Report and Plaintiff Bruce Brown's deposition transcript (the "Brown Deposition")

2

because Dr. Klapper anticipated that he would not be able to observe and respond to Dr. Falik or Plaintiff Bruce Brown's live trial testimony. (Def.'s Opp'n 2.) During the *de bene esse* deposition, Dr. Klapper explained that he had reviewed these materials:

> Q Doctor, is there anything that you've reviewed since your first deposition that assists you in determining cause of Dr. Brown's neck injuries or neck condition prior to this incident. [sic]
> MR. KOPSTEIN: I'm sorry. Would you repeat the question, please?
> MR. SIMMONS: Sure.
> Q Is there anything that you've reviewed – any of the paperwork, any of the documents, any of the depositions – that assist[s] you in defining what the causes were for Dr. Brown's cervical condition prior to the umbrella incident?
> . . . .
> A Yes. His deposition.
> Q Tell the ladies and gentlemen of the jury why that assists you in forming your opinions? [sic]
> . . . .
> THE WITNESS: Because as was pointed out, I did not have the opportunity of meeting this person in my office in person.
> So when I was provided with the deposition where he was for a few hours, couple of hours asked questions to fill in what happened in his past – which as I'm saying is very relevant because it's clear based on his objective studies that he's got problems in his neck before this accident.
> Low and behold, when I read his deposition, that's exactly what I found.

(Pls.' Mot. Exclude Ex. 5 (Klapper *de bene esse* Dep., Sept. 11, 2014) 34:3-35:10; *see* Klapper *de bene esse* Dep. 16:23-24, 18:15-20:8.) Dr. Klapper stressed that the Falik Report and Brown Deposition did not "at all" change his initial opinion, presented in his expert report:

> BY MR. SIMMONS
> Q Doctor, let me as you as a preliminary matter. Did any of the materials that you reviewed in Dr. Falik's report that you were provided at the time of your deposition in August and then Dr. – or Mr. Brown's deposition transcript that you've reviewed since, have they changed your

opinions that you held before you reviewed those materials or are they simply supporting materials?

. . . .

    A I totally understand.  Dr. Falik's report does not change my opinion.  And reading the deposition of Dr. – because he's a Ph.D. – and Bruce Brown did not change at all my opinion.

    Again, the objective evidence which I hope to get to show will speak more than I could ever speak of the pathology and the significant damage that existed in this neck prior to this accident.

(Klapper *de bene esse* Dep. 20:24-21:23; *see* Klapper *de bene esse* Dep. 39:6-9, 51:19-22, 55:24-56:2; *see also* Klapper *de bene esse* Dep. 40:14-22 (affirming that he did not read the Falik Report or Brown Deposition prior to writing his expert report), 46:1-20 (same), 47:4-18 (same).)

Defendant now asks the court to exclude Dr. Klapper's testimony, pursuant to Federal Rule of Civil Procedure 37(c)(1), on the grounds that Plaintiffs failed to disclose, as required by Rule 26(e), that Dr. Klapper relied on the Falik Report and Brown Deposition in forming his expert opinion and testimony.

## II. Legal Standard

The Federal Rules of Civil Procedure require a party to disclose the identity of any expert who may provide testimony at trial and provide a written report by the expert. Fed. R. Civ. P. 26(a)(2)(A)-(B).  The report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the facts or data considered by the witness in forming them."  Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii).  Parties "must supplement these disclosures when required by Rule 26(e)."  Fed. R. Civ. P. 26(a)(2)(E).  Rule 26(e), in turn, requires that:

> [a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response:  (A) in a timely manner if the party learns that in some material respect the disclosure or response is

incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e).

If a party fails to make these supplemental disclosures, "the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To determine whether a failure to disclose is "substantially justified or harmless," the Fourth Circuit examines the following five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (citation and quotation marks omitted). A party need not have acted in bad faith or "callous disregard of the discovery rules" for the sanction to apply. *Id.* at 596.

### III. Discussion

The first issue before the court is whether Defendant was obliged to provide Plaintiffs with a supplemental disclosure because of Dr. Klapper's alleged use of the Falik Report and Brown Deposition as bases for his expert opinion and testimony. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(E), Defendant should have disclosed these materials (1) if it had learned that (1) "in some *material respect*" its prior

disclosures were "incomplete or incorrect," and (2) "if the additional or corrective information ha[d] *not otherwise been made known to the other parties* during the discovery process or in writing." Fed. R. Civ. P 26(e) (emphasis added); *see* Fed. R. Civ. P. 26(a)(2)(E).  The Falik Report and Brown Deposition meet neither of these factors.

In his expert report, Dr. Klapper opined that the symptoms Plaintiff Bruce Brown continued to experience twelve weeks after the umbrella hit him in the head stemmed from the "natural progression of [an] underlying degenerative joint disease, and not as a result of the . . . accident." (Expert Report 7.)  After reading the Falik Report and Brown Deposition, Dr. Klapper reached the same conclusion:

> How long does that [the injury sustained by Plaintiff Bruce Brown] take to heal?  It's like a black and blue mark that all of us have had.  Black and blue mark turns green and then yellow and goes away.  Usually in about six weeks.
> But because of his significant preexisting pathology of arthritis, you should double it.  Even though he has the same soft tissue injury that a 20 year old would be better in six weeks from a bruise, because of his arthritis, 12 weeks.
> . . . .
> But any persistent treatment or pain after 12 weeks is related to the preexisting condition and is not related to the soft tissue injury that occurred in this accident.

(Klapper *de bene esse* Dep. 29:1-16; *see* Klapper *de bene esse* Dep. 25:16-19, 27:15-25.)  As Dr. Klapper himself stated, the Falik Report and Brown Deposition merely corroborated his initial opinions.  (*See* Klapper *de bene esse* Dep. 35:16-39:9 (explaining how materials buttressed conclusions within his expert report); *see also* Klapper *de bene esse* Dep. 20:24-21:23, 51:19-22, 55:24-56:2 (averring that new materials did not alter his opinion).)  In such circumstances, the court cannot conclude that the Falik Report or Brown Deposition affected Dr. Klapper's testimony in any

"material respect," thereby triggering Defendant's duty to supplement its disclosures. *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 506-07 (D. Del. 2005) (quoting Fed. R. Civ. P. 26(e)(1)); *see Curet-Velazquez v. Acemla de Puerto Rico, Inc.*, 656 F.3d 47, 56 (1st Cir. 2011).

In addition, the Falik Report and Brown Deposition were already well-known to Plaintiffs during the course of discovery. The deposition is that of one of the plaintiffs in this case, and Defendant had access to the Falik Report only because Dr. Falik is Plaintiffs' expert witness, and Plaintiffs produced his report and provided it to Defendant during discovery. Defendant therefore was not required to supplement its disclosures with either of these documents pursuant to Rule 26(e). *Curet-Velazquez*, 656 F.3d at 56-57 (citing *Brennan's Inc. v. Dickie Brennan & Co.*, 376 F.3d 356, 375 (5th Cir. 2004)); *Marvel Worldwide, Inc. v. Kirby*, 777 F. Supp. 2d 720, 727 (S.D.N.Y. 2001), *aff'd in part and vacated in part on other grounds*, 726 F.3d 119 (2d Cir. 2013); *see Universe Antiques, Inc. v. Vareika*, No. 10-CV-3629, 2011 WL 5117057, at *4-5 (S.D.N.Y. Oct. 21, 2011).[1] The court therefore will not exclude Dr. Klapper's testimony pursuant to Rule 37(c).

## IV. Conclusion

For the foregoing reasons, the court DENIES Plaintiffs' motion to exclude.

/s/
Mark A. Barnett, Judge
United States Court of International Trade
(sitting by designation)

Date: October 30, 2014

---

[1] Because Defendant had no duty to provide Plaintiffs with a supplemental disclosure, the court does not reach whether Defendant's failure to exclude was substantially justified or harmless.